[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO PRECLUDE DEFENDANT'S EXPERT WITNESSES
The plaintiffs, Laljeebhai R. Patel and Capital Development Group have moved for an order precluding the experts disclosed by the defendants from testifying at trial or, in the alternative, requiring the defendants to supplement their disclosure.
The plaintiffs assert that the disclosures filed by the defendants dated October 2, 2000, are so vague and general that they do not comply with the requirement of Practice Book § 13-4(4) that a party file a written disclosure stating, inter alia, "the substance of the facts and opinions to which the expert is expected to testify, and a summary of the CT Page 6257 grounds for each opinion." The plaintiffs further object that the defendants have failed to provide them with each expert's report.
The defendants have filed an objection stating conclusorily that they have complied with the requirements of 13-4 (4) and asserting that "[n]one of defendants' experts have submitted written reports to and no such reports are currently in the possession of defendants or their counsel."
 Text of disclosures
The defendants have disclosed six expert witnesses. The subject matter and substance of the testimony of Richard Price and Joseph Shuldiner have been disclosed as "various HUD Rules, Regulations and Policies are applicable to the Father Panik Village Replacement Housing Project" and to the plaintiffs, defendants, Naek Construction Co. and Rashid Hamid. The defendants fail to state which HUD provisions the witnesses will testify apply, or what it is that the provisions required. The disclosure is insufficient. The defendants shall identify not just the subject matter but the substance of the facts to which these witnesses will testify, including an identification of each rule or regulation or statute that they will testify is applicable and the grounds upon which they base their conclusion that each is applicable, whether it is the text of the provision itself or some other basis.
Eleanor G. White, Joseph Resende, and James Brooks have been disclosed as experts on, inter alia, "custom and practice in the industry regarding alleged oral joint venture agreements." The disclosure fails to state what the substance of that custom and practice is. These witnesses are also disclosed on the topic of "the applicability of and compliance requirements of HUD Rules, Regulations, and Policies," with no identification of what the requirements are. These witnesses are listed as testifying about "analysis and description of weaknesses/omissions/defects/fatal flaws in Patel expert report," however, the substance of each witness's analysis, that is, its content, is not set forth, and no specific weakness, omission, defect, or flaw is identified.
 Reports
Practice Book § 13-4 does not require a party to provide an adversary with an expert's written report. The movants have not presented the court with any evidence that they requested such reports in any request for production of documents, and the court therefore has no basis for finding that any noncompliance has occurred with regard to experts' reports. CT Page 6258
 Conclusion
In the respects identified above, the defendants have failed to comply with the requirements of Practice Book § 13-4(4). By June 4, 2001, they shall file a supplemental disclosure supplying the facts and substance found above to be required for compliance with § 13-4(4).
 ___________________________ BEVERLY J. HODGSON Date JUDGE of the SUPERIOR COURT